IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

TERESA SKELTON                                                                                                     PLAINTIFF

vs.                                     CIVIL NO. 05-5113

JO ANNE B. BARNHART, COMMISSIONER
SOCIAL SECURITY ADMINISTRATION                                     DEFENDANT

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Teresa Skelton, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI") under the provisions of Titles II and XVI of the Social Security Act (the "Act").

**Procedural Background:**

The applications for DIB and SSI now before this court were filed on March 24, 2003, alleging an onset date of August 15, 2002, due to back and neck pain, asthma, and depression. (Tr. 47-50, 76, 85, 305-307). An administrative hearing was held on April 6, 2004. (Tr. 319-350). Plaintiff was present and represented by counsel.

At the time of the administrative hearing, plaintiff was thirty-seven years old and possessed an eighth grade education. (Tr. 322). Records indicate that plaintiff has past relevant work experience ("PRW") as a housekeeper in a hospital, certified nurse's assistant ("CNA"), and cashier. (Tr. 63, 263-264).

On October 28, 2004, the Administrative Law Judge ("ALJ") issued a written decision finding that plaintiff's post-traumatic stress disorder ("PTSD"), panic disorder with agoraphobia,

borderline personality disorder, mild to moderate degenerative disc and joint changes at the L5-S1 level, mild rotatory dextroscoliosis of the lumbar spine with apex at the L1 level, and asthma were severe impairments, but that those impairments did not meet or equal the criteria of any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. (Tr. 13). After discrediting plaintiff's subjective allegations, the ALJ concluded that she maintained the residual functional capacity ("RFC"), to perform a significant range of medium level work. However, he determined that she must avoid work involving concentrated exposure to fumes, odors, dust, gases, and poor ventilation, and was limited to work where interpersonal contact was incidental to the work performed, complexity of tasks was learned and performed by rote, with few variables and little judgment, and supervision was simple, direct, and concrete (Tr. 19). Then, based upon interrogatory responses from a vocational expert ("VE"), the ALJ determined that plaintiff was capable of making a successful adjustment to other work that exists in significant numbers in the national economy, such as the positions of grocery stocker, small products assembler, and machine operator. (Tr. 22-23).

On May 5, 2005, the Appeals Council declined to review this decision. (Tr. 3-5). Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned for report and recommendation. Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. # 7, 8).

**Applicable Law**:

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind

would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an

impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. §§ 404.1520(a)- (f)(2003), 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. §§ 404.1520, 416.920 (2003).

**Discussion:**

Of particular concern to the undersigned is the ALJ's failure to properly consider plaintiff's non-exertional limitations. Examples of non-exertional limitations include obesity, pain, depression, intolerance to dust or fumes, and difficulty performing manipulative or posterior functions such as reaching, handling, stooping, climbing, crouching, or crawling. 20 C.F.R. § 404.1569(c). The United States Court of Appeals for the Eighth Circuit has made the following ruling concerning pain:

> Pain may be a nonexertional factor to be considered in combination with exertional limitations as well as a separate and independent ground for disability. . . . Where pain is considered in combination with exertional limitations, however, it need only be found significant enough to prevent the claimant from engaging in the full range of jobs contemplated by the exertional category for which the claimant otherwise qualifies.

*McCoy v. Schweiker*, 683 F.2d 1138, 1148 (8th Cir. 1982) (en banc) (reversed on other grounds).

In the present case, the ALJ reviewed the medical evidence of record and concluded that plaintiff could perform a significant range of medium work. He did not, however, properly consider her non-exertional impairments, namely pain. The medical evidence is replete with reports of lower back, leg, hip, and neck pain. On August 12, 2002, plaintiff presented at the emergency room with complaints of lower back and hip pain. (Tr. 139). An examination revealed paresthesias, while an x-ray of plaintiff's lumbar spine revealed mild to moderate degenerative disc and joint changes at

4

the L5-S1 level. (Tr. 137). Plaintiff was given an injection of Toradol and advised to take over-the-counter Ibuprofen. (Tr. 139). She was also prescribed Flexeril and Lortab. (Tr. 142).

On September 11, 2002, plaintiff was again treated for back pain. (Tr. 235). An examination revealed decreased hearing in her right ear, expiratory wheezing, and a decreased range of motion in her back. Plaintiff was prescribed Albuterol, Estradiol, Flexeril, Celexa, and Ibuprofen. (Tr. 235).

On September 28, 2002, plaintiff again sought emergency treatment for lower back pain that radiated into her left leg. (Tr. 133). She stated that she had "pulled" her back while lifting laundry the previous day. (Tr. 135). Plaintiff stated that her pain was exacerbated by minimal exertion. (Tr. 133). An examination was normal. (Tr. 135). Plaintiff was diagnosed with lumbar strain and prescribed Soma, Vicodin, and Ibuprofen. (Tr. 136).

On October 8, 2002, plaintiff presented for a follow-up at the Northwest Arkansas Free Health Clinic. (Tr. 234). She complained of continued pain in the lumbosacral region with paraspinous tenderness. An examination revealed a limited range of motion. Records indicate that plaintiff requested a free MRI and stated that narcotics were more effective than anti-inflammatories. The doctor diagnosed her with musculoskeletal lower back pain, menopause, and insomnia. Because plaintiff reported that the Celexa was not helping her sleep, he discontinued it. Instead, he prescribed Trazodone. In addition, the doctor also advised plaintiff to do stretching exercises and to avoid narcotic use. He then prescribed Estrace and Ketoprofen. (Tr. 234).

On October 13, 2002, plaintiff was treated for lower back pain that radiated into her feet and bilateral numbness in her hips. (Tr. 165). A physical examination revealed tenderness to palpation in the lower back, as well as muscle spasm. For this, plaintiff was prescribed Norflex and Motrin. (Tr. 165).

On November 14, 2002, plaintiff complained of shortness of breath, a cough, a headache, and back pain. (Tr. 170). She was diagnosed with sinobronchitis and a history of degenerative disc disease/degenerative joint disease. (Tr. 173). For this, the ER doctor prescribed Codiclear, Ery-Tabs, Lortab, and Soma. (Tr. 173).

On March 5, 2003, plaintiff again complained of back and neck pain. (Tr. 177). Back pain was noted on examination. (Tr. 221). Plaintiff was diagnosed with chronic lower back pain and a history of bulging disc disease. She was then discharged home with prescriptions for Soma and Percocet. (Tr. 180).

On March 20, 2003, plaintiff was treated for a cough and back pain. (Tr. 214). A physical examination revealed wheezing, but no other abnormalities. (Tr. 215). As such, she was diagnosed with bronchitis and back pain. (Tr. 216). For this, the doctor prescribed Hycotuss Expectorant, Keflex, Percocet, and Prednisone. (Tr. 216).

On April 9, 2003, a routine x-ray of plaintiff's lumbar spine showed mild rotatory dextroscoliosis of the lumbar spine apex at the L1 level. (Tr. 213).

On July 9, 2003, plaintiff complained of upper and lower back pain. (Tr. 226). The doctor diagnosed her with myofascial pain due to trigger points in the muscles in her back. Accordingly, he prescribed Amitriptyline and Imipramine. (Tr. 226).

On July 10, 2003, plaintiff was treated in the ER for back pain. (Tr. 208). Following a normal exam, plaintiff was diagnosed with back pain. (Tr. 211). Dr. Rebecca Barrett prescribed Percocet and Soma. (Tr. 211).

On October 2, 2003, plaintiff sought treatment for lower back pain after moving furniture. (Tr. 288). However, she indicated no change in the numbness or tingling sensations she had reported

for years. On examination, the doctor noted pain to palpation over the lower back. Plaintiff was given prescriptions for Indocin and Erythromycin to treat dental infections as well as refills of Estradiol, Amitriptyline, Albuterol, and Tylenol # 3. (Tr. 288).

On March 18, 2004, plaintiff was treated in the ER for leg and coccyx pain. (Tr. 290-294). She was diagnosed with sciatica and prescribed Flexeril, Lortab, and a Medrol Dosepak. (Tr. 291).

Because the evidence clearly shows that plaintiff was suffering from a degree of pain, which the ALJ failed to properly consider, we believe that remand is necessary. *See Polaski*, 739 F.2d at 1322. On remand, the ALJ is also directed to consider the medical records indicating that plaintiff was prescribed Percocet, Soma, Tylenol # 3, Lortab, a Medrol Dosepak, and Flexeril to treat her back condition. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984) (holding that the ALJ is required to consider all evidence relating to plaintiff's subjective complaints including evidence that relates to the dosage, effectiveness, and side effects of his medication).

## III. Conclusion:

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and, therefore, recommend that the denial of benefits to plaintiff be reversed and this matter remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

**The parties have ten days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 6th day of July 2006.

/s/ Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE